UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHANTELE RENEÈ BENNETT
and ESTATE OF SHANTELE
RENEÈ BENNETT,

                  Plaintiffs,

v.                                  Case No. 6:20-cv-2130-Orl-37GJK

DENISE ALRIDGE, The City of Orlando Clerk,

                  Defendant.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)
>
> **FILED:** November 16, 2020
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and that the complaint be **DISMISSED WITHOUT PREJUDICE**.

On November 16, 2020, pro se plaintiff Shantele Reneè Bennett[1] ("Plaintiff") filed a complaint against an Orlando city clerk. Doc. No. 1. Also on November 16, 2020, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion"). Doc. No. 2.

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[2] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.* Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

---

[1] In the caption, the Estate of Shantele Reneè Bennett is also listed as a plaintiff, but no description is made of this entity. Doc. No. 1.
[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action fails to state a claim on which relief may be granted under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

Plaintiff alleges that in 2019 Defendant disqualified Plaintiff as a candidate in the mayoral election for Orlando and did not allow her to run as a write-in

candidate, and "she didn't have any written documents on write-in candidate nor was she aware of the process." Doc. No. 1 at 6-7. It is not clear if "she" refers to Plaintiff or to Defendant. *Id.* Plaintiff alleges that the Fourteenth Amendment is at issue and that Defendant "retracted qualifications requirements initial[l]y approved in corruption to steer 2019 Orlando Mayoral race for current incumb[e]nts." *Id.* at 4. No additional facts are provided. *Id.*

The Complaint violates Federal Rule of Civil Procedure 8, as it does not contain a short and plain statement that establishes a right to relief. As the Complaint fails to comply with Federal Rule of Civil Procedure 8 by not stating a claim on which relief may be granted, it is recommended that the Motion be denied and that the Complaint be dismissed without prejudice.

Ordinarily, a pro se party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the factual and legal bases of her cause of action (whether a constitutional provision, treaty, statute, or common law). Plaintiff should not include argument in the amended complaint.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the complaint without prejudice; and

3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with an amended motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice. In the amended complaint, Plaintiff should include:

    a. the basis upon which the Court has subject matter jurisdiction;

    b. what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by Defendant;

    c. a short plain statement of facts as to each claim and the Defendant's involvement in the violation alleged in each claim;

    d. how Plaintiff has been damaged or injured by Defendant's actions or omissions; and

    e. a clear statement of the relief sought.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to

file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on November 19, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party